Simpson *v.* The Register of the Land Office.

APRIL 22 and MAY 21, 1803.

# Thos. Simpson *v.* The Register of the Land Office.

*On a motion for a mandamus to compel him to receive a plat and certificate of survey, &c.*

1. *Mandamus* lies to compel a public person, or public body, to do what they, in their executive or judicial capacity, are required by law to do.

2. The court of appeals has jurisdiction to issue the writ of *mandamus* to the register of the land office requiring him to perform a duty imposed on him by law.

3. Where an act provided that the owners of entries already made should, before a certain day, appoint an agent or attorney, within the county where the land lies, on pain of forfeiting their entries—*Held:* That the act should not be construed to apply to owners of entries, who did themselves reside in the county where their lands were located.

4. An act of the legislature provided "that the further time of ten months from" a certain day, "be allowed the owners of entries to survey the same in any part of this state"—*Held:* That as the legislature had annexed no penalty, or forfeiture to a failure to survey within that time, the court could add none, and that a failure to survey the entry within the time prescribed did not render the entry void.

5. Where the official surveyor has executed a survey upon an entry, it will be presumed that he did it within the period prescribed by law, unless the contrary is made to appear.

At present the court will only decide on a previous question made by the attorney-general on behalf of the commonwealth, viz: Has the court jurisdiction of the motion?

By our constitution, the court of appeals is invested with appellate jurisdiction only, and it is not, and can not be invested by the legislature with power to issue a mandamus, unless it be an appellate process. In England, a question of this kind could never be of any importance, because the power is there confined to the court of king's bench, which is invested both with original and appellate jurisdiction ; and, therefore, no immediate light on the question need be expected from the law books of that country, but it must depend on general principles. This court conceives that just cause for a mandamus is confined to cases where, on application, a public person, or public body, has refused to do that which, in his or their executive or judicial capacity, they were by law required to do. If this be a correct view of the case, an application to a superior tribunal to compel performance must be an appeal, or in the nature of an appeal. But if this be doubtful, the reverse seems to be equally doubtful; which makes it proper, in the decision, to have regard to political considerations. All must agree that the power in question would be more safely and advantageously confided to the supreme court, than to any other. Not to mention that the time was when, if the court of appeals had not exercised this power, all the courts in the state would have been left without this salutary check, and it would still continue to be the case as to all our superior courts. There is, however, another consideration of still greater weight. This question, on solemn argument and much consideration, in the year 1794, was decided in favor of the jurisdiction of the court of appeals, in the case of *Kennedy* against *The Justices of Madison County*, and it has since repeatedly exercised the power; so that the court now considers itself bound by its former decisions: more especially, as at any time the legislature can divest the court of the power, or restrict it as they may judge expedient.